UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TRACY CONRAD SMITH,

    Petitioner,

v.

JARED LOZANO,

    Respondent.

Case No. 19-cv-02227-PJH

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH LEAVE TO AMEND**

Before the court is the petition of Tracy Conrad Smith, a California state prisoner represented by counsel, for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The habeas petition was transferred to this court by the Ninth Circuit Court of Appeals pursuant to an order entered April 22, 2019. *Smith v. Lozano,* No. 19-70444 (9th Cir. Apr. 22, 2019). The petition is now before the court for preliminary review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

**BACKGROUND**

On July 20, 2006, an Alameda County jury convicted Smith of second degree burglary of a garage, second degree robbery, and possession of a firearm by a felon.[1] The trial court subsequently found that Smith had thirteen prior convictions, including two prior prison terms and two prior serious "strike" convictions. On October 20, 2006, the state court sentenced Smith to three concurrent terms of twenty-five years to life with two consecutive five-year terms based on the prior serious felony enhancements.

---

[1] A factual summary of the case is set forth in the court's April 6, 2012, order denying Smith's earlier-filed habeas petition in Case No. C 09-3764 PJH.

United States District Court
Northern District of California

On August 17, 2009, Smith filed a pro se petition for a writ of habeas corpus pursuant to § 2254. *Smith v. Adams,* No. 09-cv-3764 PJH (N.D. Cal.). The court dismissed the habeas petition with leave to amend by order entered February 3, 2010. Smith subsequently retained counsel and filed an amended petition on June 21, 2010. On July 20, 2010, the petition was stayed to allow Smith to exhaust his unexhausted claim in state court. The court lifted the stay on May 11, 2011, and, after full briefing, issued an order denying the habeas petition on April 6, 2012.

On March 26, 2018, Smith, represented by counsel, filed a petition for a writ of habeas corpus on the grounds that he is factually innocent of the robbery conviction, in that there was no asportation of property belonging to another person, and that the robbery conviction was the result of ineffective assistance of counsel at the trial, appellate and habeas levels. Case No. 18-cv-1863 PJH. By order entered May 8, 2018, the court dismissed the petition as an unauthorized second or successive petition challenging the same conviction underlying Smith's prior habeas petition which was finally adjudicated on the merits in Case No. 09-cv-3764 PJH.

On June 8, 2018, Smith filed an application in the Ninth Circuit for leave to file a second or successive § 2254 habeas corpus petition in the district court. On January 17, 2019, the Ninth Circuit denied the application to file a second or successive § 2254 petition. *Smith v. Lozano,* No. 18-71678 (9th Cir. Jan. 17, 2019). On February 20, 2019, Smith's habeas counsel filed a supplement to the application for authorization to file a second or successive habeas petition, which the Ninth Circuit treated as a separate application and denied as unnecessary because it challenged the denial of a petition for resentencing which Smith had not previously challenged in a § 2254 petition that was adjudicated on the merits. *Smith v. Lozano,* No. 19-70444 (9th Cir. Apr. 22, 2019). By order entered April 22, 2019, the Ninth Circuit transferred the application filed February 20, 2019, to this court as a § 2254 petition. Pursuant to the order of the Ninth Circuit, the § 2254 petition ("Pet.") is deemed filed February 20, 2019.

## DISCUSSION

### A. Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" *Id.,* Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

### B. Legal Claims

As grounds for federal habeas relief, Smith asserts that he was denied an evidentiary hearing in violation of his due process rights on the issue of ineligibility for resentencing under the Three Strikes Reform Act of 2012, as adopted pursuant to Proposition 36. He cites California Supreme Court authority holding that "Proposition 36 permits a trial court to find a defendant was armed with a deadly weapon and is therefore ineligible for resentencing only if the prosecutor proves this basis for ineligibility beyond a reasonable doubt." Pet. at 5 (citing *People v. Perez*, 4 Cal. 5th 1055, 1059 (2018)). Smith argues that the state court did not afford him a hearing to litigate the ineligibility criteria relied upon by the prosecutor, circumventing the prosecutor's burden of proof.

Violations of state law generally do not implicate federal due process concerns. *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985), *cert. denied*, 478 U.S. 1021

1  (1986). A petitioner may not "transform a state-law issue into a federal one merely by
2  asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir.
3  1996). It is only when a state statute creates a protected "liberty interest" that the
4  violation of state law raises federal constitutional concerns on federal habeas corpus.
5  *See Swarthout v. Cooke*, 562 U.S. 216, 220 (2011); *Bonin v. Calderon*, 59 F.3d 815, 841
6  (9th Cir. 1995), *cert. denied,* 516 U.S. 1051 (1996).

Proposition 36 authorizes an inmate currently serving an indeterminate term under the original Three Strikes law to petition the trial court for resentencing. *Perez,* 4 Cal. 5th at 1062 (citing Cal. Penal Code § 1170.126(a), (b)). Under California state law, an inmate whose third strike was a nonserious, nonviolent felony and who otherwise satisfies the criteria for resentencing is nonetheless ineligible for resentencing if his current sentence was imposed for an offense during which he "used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person." *Id.*; Cal. Penal Code §§ 1170.12(c)(2)(C)(iii) and 1170.126(e)(2).

Smith contends that where a right is afforded to a criminal defendant to a particular type of sentence, absent proof by the People of an exclusionary fact, and that exclusionary fact has not been previously proven in the proceedings, due process requires a hearing to determine that exclusionary fact. Pet. at 5 (citing *Vitek v. Jones,* 445 U.S. 480, 488-491 (1980) ("Once a State has granted prisoners a liberty interest, we held that due process protections are necessary 'to insure that the state-created right is not arbitrarily abrogated.'") (quoting *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974)). However, Smith fails to show that a liberty interest was created by Proposition 36 where the California Supreme Court has expressly held that Proposition 36, by its terms, "does not create an entitlement to resentencing." *Perez,* 4 Cal. 5th at 1064 ("the finding of a fact that renders a petitioner ineligible for resentencing deprives him or her of an opportunity to have the trial court make a discretionary determination as to whether he or she should be resentenced"). Nor has Smith shown that he is entitled to a resentencing hearing under state law. *See People v. Estrada,* 3 Cal.5th 661, 672 (2017) (Proposition

4

36 permits a trial court to examine facts beyond the judgment of conviction in determining whether a resentencing ineligibility criterion applies). In *Estrada,* the California Supreme Court found no error by the trial court in determining that the inmate was ineligible for resentencing under Proposition 36 by relying on testimony from the preliminary hearing transcript. *Id.* at 676. *See also Perez*, 4 Cal. 5th at 1063 ("the Sixth Amendment does not bar a trial court from considering facts not found by a jury beyond a reasonable doubt when determining the applicability of a resentencing ineligibility criterion under Proposition 36"). In light of this state court authority, Smith has not stated a cognizable claim for federal habeas relief based on the state court's failure to hold a hearing on the ineligibility for resentencing under Proposition 36.

Smith also suggests that the state court applied a substantial evidence standard to find him ineligible for resentencing, rather than finding him ineligible beyond a reasonable doubt, as required under state law. Pet. at 5 (citing *People v. Frierson*, 4 Cal. 5th 225 (2017) and *Perez,* 4 Cal 5th at 1059). This argument confuses the burden of proof before the trial court with the substantial evidence standard of review applied by the state appellate court on review of the trial court's ineligibility determination. *Perez,* 4 Cal. 5th at 1066 ("the trial court's eligibility determination, to the extent it was 'based on the evidence found in the record of conviction,' is a factual determination reviewed on appeal for substantial evidence"). The opinion of the state court of appeal affirming the denial of Smith's resentencing petition, submitted as an exhibit to the instant habeas petition, correctly states that "the prosecution bears the burden of proving beyond a reasonable doubt that a defendant otherwise eligible for resentencing under section 1170.126 is disqualified based on one of the factors listed in section 1170.126, subdivision (e)." *People v. Smith,* No. A149232 (Cal. Ct. App. Oct. 30, 2018), slip op. at 3 (citing *Frierson*, 4 Cal. 5th at 235-36). The court of appeal further articulated that it reviewed "the trial court's factual determination [that] Smith was armed" for substantial evidence. *Id.* at 8 (citing *Perez,* 4 Cal. 5th at 1059, 1066). In light of this state court record, Smith fails to state a cognizable due process claim for federal habeas relief.

As the petition fails to present cognizable federal claims, and amendment does not appear futile, the petition is DISMISSED WITH LEAVE TO AMEND. An amended petition must be filed no later than **August 9, 2019**, and must include the caption and civil case number used in this order and the words AMENDED PETITION on the first page. If Smith does not timely file an amended petition by August 9, 2019, the clerk will close the file.

**IT IS SO ORDERED.**

Dated: July 10, 2019

PHYLLIS J. HAMILTON
United States District Judge