United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TRACY CONRAD SMITH,

Petitioner,

v.

JARED LOZANO,

Respondent.

Case No. 19-cv-02227-PJH

**ORDER DISMISSING AMENDED PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE; DENYING CERTIFICATE OF APPEALABILITY**

Pursuant to the order dismissing petition for writ of habeas corpus with leave to amend, dkt. no. 4, represented petitioner Tracy Conrad Smith has filed an amended habeas petition under 28 U.S.C. § 2254, dkt. no. 10 ("Am. Pet."). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254 ("Rule 4"), the amended petition is DISMISSED on the ground that it plainly appears from the amended petition and attached exhibits that petitioner is not entitled to relief.

**BACKGROUND**

As relevant to the amended petition before the court, the factual record and procedural background are summarized in the opinion of the court of appeal affirming the denial of the petition for resentencing, Am. Pet., Ex. I (*People v. Smith*, No. A149232 (Cal. Ct. App. Oct. 30, 2018) ("slip op.")), which was previously submitted with the initial habeas petition. In the amended petition, Smith has supplemented the habeas record with documents from the state court record of the petition for resentencing under Proposition 36, including the trial court's May 3, 2016, order denying petition for resentencing, CT 00343-345. The pertinent background information as found by the court of appeal, *People v. Smith,* slip op. at 3-7, is briefly summarized below. Additional

details about the procedural history and factual background of this case are set forth in the court's earlier orders on Smith's habeas proceedings. *See* dkt. no. 4 at 1-2 and n.1.

Smith was charged by information with the following counts: (1) first degree residential burglary; (2) burglary of a garage; (3) second degree commercial burglary of a tool shed; (4) second degree robbery; and (5) possession of a firearm by a felon. The information further alleged that Smith personally used a firearm in connection with the robbery charged in count four, that Smith suffered 13 prior felony convictions, and that two of Smith's prior felony convictions were "strikes" for the purposes of the Three Strikes Law, Cal. Penal Code §§ 667(e), 1170.12(c).

On July 20, 2006, an Alameda County jury convicted Smith of burglary of a garage, robbery, and possession of a firearm by a felon. Smith was acquitted of residential burglary and burglary of a tool shed, and he was found not to have used a firearm in the commission of the robbery. All prior conviction allegations were found true. Because Smith had suffered at least two prior serious felony "strike" convictions, the trial court sentenced Smith to three concurrent terms of twenty-five years to life pursuant to the Three Strikes law, plus two consecutive five-year terms stemming from the serious prior felony enhancements. The judgment was affirmed by the court of appeal.

Following amendment of the Three Strikes law[1] with the passage of the Three Strikes Reform Act of 2012, as adopted pursuant to Proposition 36 ("Proposition 36"), Smith filed a petition for resentencing before the trial court. CT 001-008. As ordered by the trial court, Smith filed a supplemental brief, CT 00279-288, as well as supplemental authority, CT 00300-301. The Alameda County District Attorney filed a response on February 11, 2016. CT 00302-316. The trial court granted Smith's request for leave to file a reply brief, CT 00323, which he filed on March 17, 2016, CT 00329-336.

---

[1] The Three Strikes law was enacted twice in 1994, first by the California legislature, Cal. Penal Code § 667, and thereafter by the voters by way of Proposition 184, Cal. Penal Code § 1170.12. *People v. Johnson,* 61 Cal. 4th 674, 681 n.1 (2015). Proposition 36 amended Cal. Penal Code sections 667 and 1170.12 and added section 1170.126.

On May 3, 2016, the trial court issued a written order denying his petition for resentencing, finding that he was ineligible for Proposition 36 relief because he was armed with a firearm during the commission of both the burglary and felon in possession of a firearm offenses. CT 00343-345. On October 30, 2018, the court of appeal affirmed the denial of the Proposition 36 petition. Am. Pet., Ex. I. Smith filed a petition for review which was denied by the California Supreme Court on January 16, 2019. Am. Pet., Exs. J and K.

While the Proposition 36 petition was pending appeal in state court, Smith filed a represented § 2254 petition asserting challenges to the state court robbery conviction. *Smith v. Kernan,* No. 18-cv-1863 PJH (N.D. Cal. March 26, 2018). By order entered May 8, 2018, the court dismissed the petition as an unauthorized second or successive petition challenging the same conviction underlying Smith's prior habeas petition which was finally adjudicated on the merits in Case No. 09-cv-3764 PJH. On June 8, 2018, Smith filed an application for leave to file a second or successive habeas petition before the Ninth Circuit, which denied the application. *Smith v. Lozano*, No. 18-71678 (9th Cir. Jan. 17, 2019).

On February 20, 2019, Smith's habeas counsel filed a supplement to the application for authorization to file a second or successive habeas petition, which the Ninth Circuit treated as a separate application and denied as unnecessary because it challenged the denial of a petition for resentencing which Smith had not previously challenged in a § 2254 petition that was adjudicated on the merits. *Smith v. Lozano*, No. 19-70444 (9th Cir. Apr. 22, 2019). By order entered April 22, 2019, the Ninth Circuit transferred Smith's application to this court as a § 2254 petition. On July 10, 2019, the court issued an order dismissing the § 2254 habeas petition with leave to amend. On November 15, 2019, counsel for Smith filed an amended petition for writ of habeas corpus on which the court conducts a preliminary review pursuant to Rule 4.

3

**DISCUSSION**

**A. Standard of Review**

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing Section 2254 Cases. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" *Id.,* Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**B. Legal Claims**

Smith asserts two grounds for federal habeas relief: (1) that he was denied an evidentiary hearing in violation of his due process rights on the issue of ineligibility for resentencing under Proposition 36; and (2) that the state court found Smith ineligible for resentencing under a "substantial evidence" standard, rather than proof beyond a reasonable doubt, in violation of his due process rights.

**1. Due Process Claim Based on Lack of a Hearing**

Proposition 36 authorizes an inmate currently serving an indeterminate term under the original Three Strikes law to petition the trial court for resentencing in light of the narrowed class of third-strike felonies for which an indeterminate sentence can be imposed. *People v. Perez*, 4 Cal. 5th 1055, 1062 (citing Cal. Penal Code § 1170.126(a), (b)), *cert. denied sub nom. Perez v. California*, 139 S. Ct. 335 (2018). Under Proposition

4

36, an already sentenced inmate whose third strike was a nonserious, nonviolent felony and who otherwise satisfies the criteria for resentencing is nonetheless ineligible for resentencing if his current sentence was imposed for an offense during which he "was armed with a firearm or deadly weapon." *Id.* (citing Cal. Penal Code §§ 1170.12(c)(2)(C)(iii) and 1170.126(e)(2)). In *Perez,* the state supreme court summarized the trial court's procedures on a Proposition 36 petition for resentencing. Initially, "[u]pon receiving such a petition, the trial court 'shall determine whether the petitioner satisfies the criteria' for resentencing eligibility" under the revised Three Strikes law. *Id.* (citing Cal. Penal Code § 1170.126(e), (f)). Then, "[i]f the petitioner is found eligible for resentencing, he or she 'shall be resentenced pursuant to Proposition 36 unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.'" *Id.* (citing Cal. Penal Code § 1170.126(f)).

Smith claims that the state court found him ineligible for resentencing under Proposition 36 without a hearing, based on an exclusionary factor that was not plead or proven at trial, in violation of his right to due process. He argues that he was not charged at trial with being armed with a firearm and had no opportunity to present evidence before the state court determined he was ineligible for resentencing. Am. Pet. at 8-9. He contends that he was denied "the very hearing to which the California courts have held a Prop 36 petitioner is entitled." Am. Pet. at 10 (citing *Perez,* 4 Cal. 5th at 1059; *People v. Frierson,* 4 Cal. 5th 225, 226 [sic] (2017)).

The amended petition cites no clearly established federal law holding that the right to due process requires a hearing to determine ineligibility for resentencing under Prop. 36. As an initial matter, a challenge to a state court's application of its own state's sentencing laws does not raise a federal question cognizable on habeas review. *See Richmond v. Lewis*, 506 U.S. 40, 50 (1992) (state sentencing errors are not cognizable in federal habeas corpus unless the alleged error was "so arbitrary or capricious as to constitute an independent due process or Eighth Amendment violation."); *Lewis v.*

*Jeffers*, 497 U.S. 764, 780 (1990); *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief") (citations omitted). When a state law creates a protected liberty interest, however, "the Due Process Clause requires fair procedures for its vindication." *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011). *See also Bonin v. Calderon*, 59 F.3d 815, 841-42 (9th Cir. 1995), *cert. denied,* 516 U.S. 1051 (1996); *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985) (federal habeas relief under § 2254 "is unavailable for alleged error in the interpretation or application of state law"), *cert. denied*, 478 U.S. 1021 (1986).

Smith suggests that he was arbitrarily denied a hearing on his ineligibility for resentencing under Proposition 36 because California courts have recognized that a Proposition 36 petitioner is entitled to a hearing, and that by allowing a hearing for some Proposition 36 petitioners, the state is required by due process protections to afford all Proposition 36 petitioners the right to a hearing. Am. Pet. at 10 (citing *Perez*, 4 Cal. 5th at 1059; *Frierson*, 4 Cal. 5th at 226). The state court authorities cited by Smith hold that the prosecutor must prove ineligibility for resentencing under Proposition 36 beyond a reasonable doubt, which is asserted in support of Smith's second claim for habeas relief, but they do not hold that a petitioner for resentencing has a right to a hearing on the issue of ineligibility. To the extent that Smith contends that petitioners are entitled to a hearing under state law on ineligibility for resentencing under Proposition 36, he offers no state court authority to cure the failure of his initial habeas petition to show that state law requires such a hearing. Dkt. no. 4 at 4-5 (citing *Perez*, 4 Cal. 5th at 1063-64; *People v. Estrada*, 3 Cal. 5th 661, 672 (2017) (permitting trial court to rely on preliminary hearing transcript to determine ineligibility based on facts underlying dismissed counts)).

In support of his due process claim that he was denied a hearing "to which the California courts have held that a Prop 36 petitioner is entitled," Am. Pet. at 10, Smith generally cites *Perez,* where the California Supreme Court expressly noted that "Proposition 36 does not specify how the trial court is to determine whether a given

6

criterion for resentencing ineligibility, such as whether the inmate was armed with a deadly weapon during his or her current offense, has been satisfied." 4 Cal. 5th at 1062. Contrary to Smith's contention that the state supreme court recognized a petitioner's right to a hearing to determine eligibility, *Perez* did not address the question whether a hearing is required. However, *Perez* recognized that the issue of ineligibility is a threshold determination under Proposition 36 before the trial court reaches the discretionary issue of resentencing: "the finding of a fact that renders a petitioner ineligible for resentencing deprives him or her of an opportunity to have the trial court make a discretionary determination as to whether he or she should be resentenced." *Id.* at 1064. In *Perez*, the defendant challenged the court of appeal's determination that the defendant was ineligible for resentencing, reversing the trial court's finding that he was eligible, where the jury "was not asked to explicitly find that Perez was armed with a deadly weapon," yet the court of appeal found that the record of conviction established that the defendant was armed with a deadly weapon during the commission of the offense. *Id.* at 1061, 1063. The state supreme court affirmed the court of appeal's ineligibility determination and expressly rejected the defendant's contention that on a Proposition 36 petition for resentencing, the trial court should be prohibited from determining ineligibility based on a fact not found by a jury. *Id.* at 1063.

The court in *Perez* cited *Dillon v. United States,* 560 U.S. 817 (2010), for the principle that a sentence modification proceeding under 18 U.S.C. § 3582(c)(2) to apply revised sentencing guidelines retroactively does not implicate the Sixth Amendment right to have essential facts found by a jury beyond a reasonable doubt. *Perez,* 4 Cal. 5th at 1063-64 (citing *Dillon,* 560 U.S. at 828-29). In *Perez*, the court concluded that "the Sixth Amendment does not prohibit trial courts from relying on facts not found by a jury in determining the applicability of Proposition 36's resentencing ineligibility criteria," reasoning that under the Proposition 36 resentencing scheme, "a factual finding that results in resentencing ineligibility does not increase the petitioner's sentence; it simply leaves the original sentence intact." *Id.* at 1064. In light of this state court authority,

7

Smith fails to show that he was entitled under state law to a hearing to determine whether he was ineligible for resentencing under Proposition 36 for being "armed with a firearm" during the commission of the offense. Accordingly, Smith fails to assert a cognizable due process claim for federal habeas relief based on the denial of a hearing to determine ineligibility under Proposition 36.

**2. Due Process Claim Based on Burden of Proof**

In addition to his claim that due process requires an evidentiary hearing, Smith claims that due process "requires a proof beyond a reasonable doubt standard." Am. Pet. at 23-24. Smith claims that the state court violated his right to due process by finding him ineligible for resentencing under a substantial evidence standard, rather than proof of ineligibility beyond a reasonable doubt as required by the Constitution. Am. Pet. at 19-24 (citing, inter alia, *In re Winship*, 397 U.S. 358, 364 (1970) ("the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged")). The state court record attached to the amended petition, however, reflects that the court of appeal determined that the evidence that Smith was armed during the commission of the offenses satisfied the "beyond a reasonable doubt" burden of proof because the resentencing court "relied on facts impliedly found by the jury." *People v. Smith,* slip op. at 14 n.10. On the basis of the amended petition and supporting attachments, Smith fails to state a due process claim on the ground that the state court failed to apply the "beyond the reasonable doubt" standard.

The amended petition points out that the trial court's written order, finding that petitioner was ineligible for resentencing under Proposition 36 because he was armed with a firearm during the commission of the two conviction offenses, held that "substantial circumstantial evidence supports the jury's implied finding that Petitioner was in actual possession of the firearm during the struggle with the victim on the driveway." CT 00344. The trial court issued its findings of "substantial evidence" of ineligibility before the California Supreme Court announced in *Frierson* that the applicable standard of proof

8

1 under Proposition 36 requires the prosecution to establish beyond a reasonable doubt
2 that a petitioner is ineligible for resentencing, resolving a conflict among the courts of
3 appeal as to the appropriate burden of proof. *See Frierson,* 4 Cal. 5th at 240 and n.8
4 (disapproving cases applying preponderance of the evidence standard to ineligibility for
5 resentencing). Petitioner argues that the trial court's finding of ineligibility based on
6 "substantial circumstantial evidence" without applying the beyond a reasonable doubt
7 standard amounts to a due process violation.

On federal habeas review of this record, the court does not look to the order of the trial court denying Smith's resentencing petition. The attachments to the amended petition reflect that the last reasoned decision of the state court, to which the federal court looks on habeas review, is the court of appeal's memorandum opinion affirming the trial court's denial of Smith's petition for resentencing, Am. Pet., Ex. I. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803–04 (1991); *Barker v. Fleming*, 423 F.3d 1085, 1091–92 (9th Cir. 2005). On direct review of the trial court's denial of Smith's Proposition 36 petition, the court of appeal recognized that the trial court did not apply the "beyond a reasonable doubt" standard. *People v. Smith,* slip op. at 14 n.10. The court of appeal summarized the circumstantial evidence from the records of conviction that showed that Smith carried the firearm in his jacket at the time he struggled with the victim to establish that he was armed with a gun during the commission of the burglary and felon in possession of a firearm offenses. *People v. Smith,* slip op. at 10-14. The court of appeal cited the intervening authority under *Frierson,*[2] where the state supreme court established that, in the absence of an express reference to the standard of proof for resentencing under California Penal Code § 1170.126, the prosecution bears the burden to prove ineligibility beyond a reasonable doubt. *Id.* (citing *Frierson,* 4 Cal. 5th at 233,

---

[2] The court of appeal noted that the parties were invited to file supplemental briefs addressing the relevant cases that had been decided by the California Supreme Court after the appellate briefs were submitted. *People v. Smith,* slip op. at 10 n.6 (citing *Perez, Frierson* and *Estrada*).

9

1  240).  Applying the "beyond a reasonable doubt" burden of proof, the court of appeal

2  rejected Smith's argument that the evidence did not meet that standard: "Even without

3  the resentencing court explicitly stating it was applying the beyond a reasonable doubt

4  standard, we can infer it did so because it relied on facts impliedly found by the jury.

5  Thus, remand is unnecessary."  *People v. Smith,* slip op. at 14 n.10.

In view of the court of appeal's determination that the trial court's ineligibility finding was based on evidence proven beyond a reasonable doubt, Smith fails to state a due process claim that the state court failed to require proof of ineligibility for resentencing beyond a reasonable doubt.

**DENIAL OF CERTIFICATE OF APPEALABILITY**

The federal rules governing habeas cases brought by state prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability ("COA") in the ruling.  *See* Rule 11(a), Rules Governing Section 2254 Cases.  To obtain a COA, a petitioner must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Section 2253(c)(3) requires a court granting a COA to indicate which issues satisfy the COA standard.  Here, Smith has made no showing warranting a COA as to his due process claims.  Accordingly, the court denies a certificate of appealability.

**CONCLUSION**

1. The amended petition for a writ of habeas corpus is DISMISSED WITH PREJUDICE pursuant to Rule 4 of the Rules Governing Section 2254 Cases, on the ground that it plainly appears from the petition and the attached exhibits that the petitioner is not entitled to federal habeas relief.

10

2. A certificate of appealability is DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

3. The clerk shall issue a separate judgment and close the file.

**IT IS SO ORDERED.**

Dated: December 2, 2019

                                                   /s/ *Phyllis J. Hamilton*
                                                  PHYLLIS J. HAMILTON
                                                  United States District Judge